**FACTORING AND DISCOUNT #2, Inc.,**
**Plaintiff,**

v.

**CENTRAL MUTUAL INSURANCE**
**COMPANY, Defendant.**

United States District Court
S. D. New York.

Jan. 29, 1954.

---

628

Harte & Natanson, New York City, M. Theodore Chester, New York City, for plaintiff of counsel.

Max J. Geertzman, New York City, for defendant.

RYAN, District Judge.

Plaintiff moves after answer for summary judgment.

Plaintiff, a resident corporation, in this suit seeks recovery as assignee of an insured mortgagee for a collision loss to a 1949 Mack motor truck owned by the mortgagor, Borough Haulage Co., Inc., payable under policy of insurance issued by defendant, an Ohio corporation.

Jurisdiction is predicated on diversity and New York law is applicable.

The following appears undisputed by defendant, Central Mutual Insurance Company:

On January 11, 1952 Borough Haulage mortgaged the 1949 Mack truck, one of its several pieces of motor equipment, to Rokeach Sales Corporation (not a party to this litigation) for $1,500. This mortgage was duly filed in the Register's office of the appropriate county.

On May 2, 1952 Borough Haulage gave to plaintiff, Factoring and Discount #2, Inc., as security for monies advanced and to be advanced to the amount of $52,500 a mortgage upon its motor equipment, including in the schedule of the mortgaged properties the 1949 Mack truck previously mortgaged to Rokeach Sales. It is claimed by defendant that at the time it was orally agreed by Factoring and Discount and Borough Haulage that in the event that the prior lien holder was not paid off, the mortgage to plaintiff would not apply as to that equipment so encumbered. (See paragraphs 13, 14 and 15 of answer). The amounts of the various liens to be paid off by plaintiff were deducted from the proceeds of the loan and Borough Haulage received the loan after such deductions. Thereafter, Factoring tendered $1,500 to Rokeach but the latter refused to accept this or to satisfy the mortgage it held.

The mortgage given to Factoring by Borough Haulage was duly filed in the office of the Register of Kings County on May 2, 1952. It was discounted and assigned by Factoring to People's Industrial Bank in May, 1952, who held it until September 30, 1952 when it was reassigned to Factoring. It is the claim of the defendant that the assignment to the "Bank" by Factoring was "a colorable one and in fact invalid."

On June 14, 1952 defendant issued to Borough Haulage its automobile policy covering along with other equipment the 1949 Mack truck against risk of fire, theft and collision. The policy was in effect for one year from June 9, 1952. When issued it provided by usual form of rider for loss payable "as interest may appear to insured, and Factoring & Disocunt Corp. #2 and/or Peoples Industrial Bank"; however, on July 1, 1952 further endorsement was added reading

"Interest of Factoring & Discount Corp. #2, as Loss Payee, having ceased, it is understood and

agreed loss, if any, now payable to assured and Peoples Industrial Bank."

"All other terms and conditions remain the same."

On July 9, 1952 Borough Haulage claimed collision loss under the policy to the 1949 Mack truck; on July 28, 1952 Rokeach notified Central Mutual of its claim to an unpaid mortgage. Central Mutual on September 5, 1952 issued its draft for $3,900—which was subsequently paid—payable to Borough Haulage and Rokeach, who by agreement between themselves apportioned this by payment of $750 to Rokeach on account of balance due it from Borough Haulage, and $3,150 to Borough Haulage. During its investigation of the loss claim and before payment on it, defendant had notice of the making of the mortgage by Borough Haulage to Factoring but not of the assignment of the mortgage by the latter to Peoples Industrial Bank.

On October 28, 1952 Factoring notified Central Mutual by letter that it was the owner of the Borough Haulage Mortgage of $52,500 and that "Peoples Industrial Bank have assigned all their right * * * in the said mortgage and all claims arising therefrom" to Factoring; it then made demand for payment to it of the collision loss on the Mack truck.

It appears undisputed that on July 9, 1952 the date the admitted collision loss of $3,900 fell there was an indebtedness of Borough Haulage on the mortgage in excess of $3,900.

On October 22, 1952 Peoples Bank assigned to Factoring its right to receive any loss payable to it under the policy issued by defendant.

On this recital I find no genuine issue of fact requiring trial.

■ But defendant urges that a factual issue must be resolved as to whether the Factoring mortgage on the truck took effect until the prior Rokeach mortgage had been satisfied. This argument of defendant is premised upon the contention that there was the alleged oral agreement to which I have above referred. The terms of the Factoring mortgage are clear and certain; by it the mortgage lien of Factoring immediately attached to all the scheduled chattels. In the absence of a claim of mistake going to the essence, one may not attempt to modify an unambiguous writing by parole evidence of a contemporaneous, oral agreement or of a private interpretation inconsistent with the writtten words. No claim of mistake is here made. Defendant contends, however, that this oral agreement may be proved to establish that the mortgage was not to be a lien with respect to a particular chattel until satisfaction by Factoring of the prior lien on that particular chattel. Citing Youssopoff v. Widener, 246 N.Y. 174, 177, 158 N.E. 64. However, the alleged oral agreement did not purport to restrict the mortgage from becoming on delivery an effective lien in toto, but only as to those chattels upon which prior liens remained unsatisfied. In other words, as to some chattels it attached immediately, as to others, with prior unsatisfied liens, not until satisfaction of those liens. Evidence of such an agreement does not come within "Youssopoff". However, even assuming arguendo this alleged agreement to be established, then Factoring's obligation to satisfy Rokeach's mortgage continued at least up to, if not beyond, the date of the loss. At lowest appraisal by law, Factoring became on delivery of the mortgage to it an equitable second mortgagee of the damaged truck and as such it was vested with a "lawful and substantial interest" and therefore with an insurable interest. N.Y. Insurance Law, McK.Consol.Laws, c. 28, § 148. This interest it assigned to Peoples Industrial Bank.

■ Defendant next asserts that Peoples Industrial Bank as assignee took subject to any rights and defenses which existed against Factoring. This is a correct though empty statement. As to Borough Haulage, Factoring held a valid mortgage as collateral for a loan on which more than $3,900 was owing

from Borough Haulage when the insured loss fell. This loan obligation and the mortgage security for it Factoring had a legal right to assign to the bank; it was subject to no defense by Borough Haulage. The mortgage was valid and the debt it secured was unpaid.

■ Defendant finally urges that a factual issue is presented as to the validity of the assignment by Factoring to Peoples Industrial arguing that it was "colorable" only. Just what that imports, I do not know. If the assignment was in fact executed by Factoring, the defendant may not question it; the motive or reason which prompted it is of no concern to defendant; neither the Bank nor the plaintiff questions its validity and they are the only ones concerned; that the assignment was in fact made appears beyond dispute. The rider of July 1, 1952 clearly indicates defendant had notice of an interest of Peoples Industrial Bank in the mortgage and in the debt it secured. The affidavit of plaintiff's treasurer that the mortgage was assigned to the Bank in May, 1952 stands uncontradicted and is supported by the assignment by the Bank to Factoring of its interest in the insurance loss claim. No genuine issue exists as to this even under the very liberal rulings of this circuit. The fact that after default of Borough Haulage and in September, 1952 Factoring proceeded to foreclose the mortgage and repossess the chattels and, this, prior to the assignment of the mortgage to it by the Bank is immaterial insofar as the validity of the prior assignment of May, 1952 of the mortgage by Factoring to the Bank is concerned.

■ Where an insurance policy to a mortgagee and owner provides for payment of loss "as their interest may appear" the policy covers not only the mortgagor's interest but that of the mortgagee as well. To the extent of the mortgagee's insurable interest the policy is for his benefit; he is entitled to payment of the insured loss to the value of the mortgage obligation. Payment is a pro tanto satisfaction of the mortgage debt. Fields v. Western Mutual Fire Ins. Co., 290 N.Y. 209, 212, 48 N.E.2d 489, 146 A.L.R. 434. Where as here the debt exceeds the loss payable the mortgagee is entitled to the entire amount.

■ Defendant did not discharge its obligation by payment to Borough Haulage and Rokeach. Peoples Bank had a claim to payment prior to Borough and this claim it has assigned to Factoring. Payment to Rokeach was never contemplated in the insurance contract and no rider was executed to give it a right to payment in case of loss. See condition 12 of the policy.

Motion granted; the clerk is directed to enter judgment in favor of the plaintiff and against the defendant in the sum of $3,900 with interest from October 28, 1952 together with costs and disbursements.